THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD CONSIDINE, Plaintiff in Error.

*Opinion filed June 16, 1926.*

CRIMINAL LAW—*jury must determine credibility of witnesses—review.* Where the defendant's testimony is an absolute denial of all testimony for the prosecution tending to connect him with the crime charged it is for the jury to determine the credit to be given the testimony, and where the evidence for the prosecution establishes the guilt of the defendant beyond a reasonable doubt the Supreme Court will not disturb a verdict finding him guilty.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

HAROLD P. O'CONNELL, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Richard F. C. Considine, was convicted in the criminal court of Cook county of larceny as bailee and sentenced to the penitentiary. He prosecutes this writ of error to reverse the judgment on the ground that his guilt is not established beyond a reasonable doubt.

The evidence for the prosecution was in substance as follows: Plaintiff in error and another man called at the loop station of the Yellow Drive-It-Yourself System at 175 West Monroe street, Chicago, about 5:30 P. M. September 15, 1925, and made application to rent an automobile. The companion of plaintiff in error signed the application "Raymond Clifford." While Clifford was filling out the application plaintiff in error talked to Roscoe G. Conklin, the branch manager of the station. During the conversation he asked Conklin if they ever lost any cars. One of the three references given by Clifford was F. C. Considine, St. Giles Hotel. About 9:30 P. M. the two men returned and asked if they could have the car. Conklin replied in the affirmative, and plaintiff in error said, "We want a Ford sedan." While Conklin was getting the car, Clarence Henderson, the assistant manager, filled out the rental ticket and took the deposit. The rental ticket is made in duplicate, the white ticket being retained at the office and the yellow one given to the lessee. It shows the time the car is taken out and the mileage registered when the car leaves the station. Plaintiff in error signed the name "Raymond Clifford" on the rental ticket and also paid the $10 deposit. When Conklin brought the Ford sedan to the door plaintiff in error seated himself at the wheel, Conklin noted on the ticket the mileage shown by the register on the right front wheel of the car and handed the yellow ticket to plaintiff in error. Plaintiff in error asked Conklin if he knew where the Garden of Allah was located, and Conklin told him he thought it was north. Conklin told plaintiff in error that when he returned the car he should drive it into the garage. Plaintiff in error said he would do so and would return about midnight. The car was not returned and its loss was reported to the police. Officer Patrick O'Boyle arrested plaintiff in error at the St. Giles Hotel about 10:30 P. M. September 17. When the officer asked to be admitted to his room plaintiff in error asked

him if he was a "copper" and said he did not want to talk to a "copper." After some talking plaintiff in error finally admitted the officer and then went with him to the Town Hall station. While the officer was using the telephone at the station plaintiff in error attempted to escape but was re-captured. When asked where the car was, he replied that he knew about it but that fellows in his line didn't squeal. Later he was released on bail, and shortly thereafter he called O'Boyle by telephone and asked him if the charge would be dropped if he told him where the car was. O'Boyle told him to come down to the State's attorney's office, where they would talk the matter over. There plaintiff in error told O'Boyle that the car was sold at Woodbine, in Jo Daviess county. O'Boyle went to Woodbine and from there to Hanover, where he found the car. Frank Fisher, proprietor of a hardware store and a garage in Woodbine, testified that he saw plaintiff in error at his place of business September 16 and that he was riding in a Ford sedan with two other men.

Plaintiff in error admitted that he was at the station with Clifford but denied that he had anything to do with the renting of the car. He testified that Clifford made all the arrangements about renting the car; that Clifford signed the application and the rental ticket and paid the $10 deposit; that Clifford drove the car away; that he rode with Clifford to the St. Giles Hotel, where he left the car, and that that was the last time he saw either Clifford or the car. He says that he was never in Woodbine, and that he did not steal the car nor have anything to do with the sale of it. He denies that he told O'Boyle on the night of his arrest that he knew where the car was, but says he told the officer that if he did know he would tell him, because he had no interest in concealing its whereabouts. He testified that Clifford called him and asked if he was in trouble about the car, and that when he replied that he was, told him where the car could be found; that he im-

mediately undertook to get this information to O'Boyle and reached him by telephone about one o'clock in the morning of September 23; that he told O'Boyle where the car could be found and the circumstances of the sale as they had been related to him by Clifford.

The evidence offered on behalf of the prosecution clearly warranted the verdict of the jury. Plaintiff in error denied the testimony of the witnesses for the prosecution which connected him with the larceny of this automobile, but the jury evidently did not believe his story. The jury saw and heard the witnesses and it was for them to determine the credit to be given the testimony of each. We are unable to say from this record that the guilt of plaintiff in error has not been established beyond a reasonable doubt. That being true, the verdict of the jury must stand. *People* v. *Daniels,* 317 Ill. 80; *People* v. *Stathus,* 303 id. 326.

Plaintiff in error was asked on cross-examination if he had ever assumed the name of Raymond Clifford and if he had made the application for the rent of an automobile under this name. He denied that he had. In rebuttal the State's attorney called Walter J. Moeller, who is the manager of the Yellow Drive-It-Yourself System station located at 4346 Broadway. He testified that plaintiff in error made application to rent a car at his station July 16, 1925, and that he signed the application. He did not testify what name he signed on the application and the document was not introduced in evidence. It is contended by plaintiff in error that it was error to cross-examine him about this immaterial matter. As far as this record shows, the circumstance of his making application for the rent of a car in July was immaterial, but it was not of enough importance to affect the jury in any way. There was no objection to the cross-examination of plaintiff in error and no motion was made to strike the testimony of Moeller.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*